UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Muhammad R., [1]

                          Plaintiff,                   Case # 23-cv-0162-FPG

     v.                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

_____

## INTRODUCTION

On March 1, 2020, Plaintiff Muhammad R. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), alleging disability beginning on December 15, 2016. Tr.[2] 15.  The Social Security Administration (the "SSA") denied his claim, and Plaintiff appeared and testified at a hearing before Administrative Law Judge Linda A. Stagno (the "ALJ") on February 9, 2021.  Tr. 53-82. Supplemental hearings were held on June 15, 2021 and September 15, 2021. Tr. 30-52. On October 29, 2021, the ALJ issued an unfavorable decision. Tr. 12-29. The Appeals Council denied Plaintiff's request for review on December 21, 2022, making the ALJ's decision the final decision of the SSA.  Tr. 1-6.  Plaintiff appealed to this Court on February 21, 2023.[3]  ECF No. 1.

Plaintiff and the Commissioner both moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 5, 6.  For the reasons that follow, Plaintiff's

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

## LEGAL STANDARD

### I.        District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.       Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and

work experience.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.    The ALJ's Decision

First, the ALJ found that the last date Plaintiff met the insured status requirements of the Act was December 31, 2017 ("date last insured").  Tr. 17.  The ALJ then analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 2016 through the date last insured. *Id*. At step two, the ALJ found that Plaintiff had several severe impairments.  *Id*.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listings.  Tr. 18.  The ALJ determined that Plaintiff maintained the RFC to perform "light work . . . except he must be able to sit/stand at will for five minutes every hour. He can have only occasional contact with others. No production quotas. He will need to elevate legs at will but no higher than 14 inches. He will be off task 10% of the workday." Tr. 19.  In formulating the RFC, the ALJ considered the symptoms that Plaintiff alleged. The ALJ also evaluated the intensity, persistence and limiting effects of Plaintiff's symptoms and the medical evidence supporting those alleged symptoms.

At step four, the ALJ concluded that through Plaintiff's date last insured, he was not able to perform any past relevant work. Tr. 22.  At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could have performed through the date last insured. *Id.* at 22-23.  As such, the ALJ found that Plaintiff was not disabled from his alleged onset date through the date last insured. *Id.* at 23.

### II.    Analysis

Plaintiff argues that the ALJ's decision should be remanded to the Commissioner for two reasons. First, Plaintiff argues that the transcript of the hearing contains inaudible portions and obscures meaningful review. ECF No. 5-1 at 7-8. Second, Plaintiff argues that the RFC is not based on substantial evidence. *See generally id.* at 8-14. Neither of Plaintiff's arguments have merit and do not warrant remanding the case to the Commissioner.

### A. Inaudible Hearing Transcript

Plaintiff argues that because there are so many portions of the hearing transcript that are marked as inaudible, the ALJ's decision is not reviewable and should be remanded. This argument is nonsensical because the hearing transcript has nothing to do with whether the ALJ based her decision on substantial evidence. Accordingly, "absent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record." *Williams v. Barnhart*, 289 F.3d 556, 557–58 (8th Cir. 2002).

Plaintiff gives no indication what material facts were supposedly omitted or how any missing portion of the transcript could bolster his case. Plaintiff concedes that a large portion of the inaudible excerpts appear in the transcript of the third hearing that was held on September 15, 2021. ECF No. 5-1 at 8. However, this third hearing is where the ALJ questioned Plaintiff solely on the issue of the Medicare-fraud allegation. ECF No. 5-1 at 15. Not only is that hearing irrelevant to the ALJ's disability determination, but at the conclusion of the hearing, the ALJ determined that the allegations of Medicare fraud were not supported by any evidence, *id.*, so Plaintiff is in no way prejudiced by inaudible portions of the transcript for that hearing. As it relates to the remaining portions of the hearing transcript, where there are inaudible portions, those portions are completely understandable from the surrounding context or by the ALJ asking the relevant question a second

time, such that the transcript catches the answer the second time. *See generally* ECF No. 30-52. Accordingly, Plaintiff is not entitled to remand on this basis.

### B. Substantial Evidence

Plaintiff contends that the ALJ's RFC determination is not based on substantial evidence for several reasons. First, Plaintiff argues that the ALJ's RFC determination could not be based on substantial evidence without a medical opinion speaking to the relevant time period. ECF No. 5-1 at 8-13. Next, Plaintiff argues that the ALJ committed legal error by formulating highly specific limitations in the RFC without evidence in the record supporting such limitations. *Id.* Finally, Plaintiff argues that the ALJ relied on a mischaracterization of the evidence in reaching her RFC determination. *Id.* In response, the Commissioner argues that none of Plaintiff's legal arguments has merit and that the RFC is supported by substantial evidence. ECF No. 6-1 at 6-17. The Court agrees with the Commissioner.

### 1. Medical Opinions

"Plaintiff's general argument that the ALJ must base her RFC finding on a specific medical opinion is without merit." *Jaquan M. v. Comm'r of Soc. Sec.*, No. 19-CV-6463, 2021 WL 925774, at *4 (W.D.N.Y. Mar. 11, 2021). To make an RFC determination, the ALJ need only point to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). While a medical opinion is generally considered adequate to support the conclusions imbedded in an RFC, an RFC need not correspond with any medical opinion at all. *Jaquan M.*, 2021 WL 925774, at *4. Rather, an ALJ may look "to the other sources in the administrative record, including MRI results, x-ray results, and notes documenting [Plaintiff]'s visits with other medical providers" to construct an RFC. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

Here, the ALJ formulated Plaintiff's RFC by reference to objective medical evidence in the record. The ALJ pointed to Plaintiff's thoracic, lumbar and cervical MRIs in 2016, each showing only mild impairments. Tr. 20; 372-387. The ALJ also looked at treatment notes from Plaintiff's treating physicians during that same time period, which documented mild impairments and conservative treatment recommendations. *Id.* Although Plaintiff's date last insured was December 2017, the ALJ also considered multiple treatment records from 2020, including treatment notes from various medical providers and Plaintiff's own complaints to those same providers. Tr. 940. On the whole, the MRI results together with the treatment records from before and after Plaintiff's alleged disability onset date, the ALJ had sufficient relevant evidence concerning Plaintiff's condition that a reasonable mind could accept as adequate to support her conclusion that Plaintiff was not disabled. *See Biestek*, 139 S. Ct. at 1154. It was not necessary to also rely on a medical opinion in reaching her conclusion.

Recently, another social security claimant made the same argument to the Second Circuit in *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). However, because the ALJ in that case "looked to the other sources in the administrative record, including MRI results, x-ray results, and notes documenting [Plaintiff]'s visits with other medical providers," the Second Circuit affirmed the ALJ's decision holding that "we cannot say that no reasonable factfinder could have reached the same conclusion." *Id.* The same principle holds true here. The ALJ substantiated her conclusions based on objective medical evidence in the record, and the mere fact that she did not have a medical opinion to point to supporting her conclusions does not warrant the conclusion that "no reasonable factfinder could have reached the same conclusion." *Id.* Accordingly, Plaintiff is not entitled to remand on this basis.

## 2.  Highly Specific RFC

Plaintiff's next argument regarding the highly specific nature of the limitations the ALJ incorporated into the RFC is also unavailing. Plaintiff believes that where the RFC is highly specific there must be some medical evidence that exactly matches the level of specificity. ECF No. 5-1 at 10. The Court disagrees.

"Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an ALJ's own surmise." *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020). Thus, where an ALJ includes a specific functional limitation, she must have an evidentiary basis for it. However, an ALJ is not limited to adopting only those limitations explicitly identified in the record: she is free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations. *Heckman v. Comm's of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *4 (W.D.N.Y. Apr. 4, 2019) ("[W]hen the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation.").

Plaintiff challenges the following three limitations in the RFC as highly specific and unsupported: (1) Plaintiff "must be able to sit/stand at will for five minutes every hour," (2) Plaintiff "will need to elevate legs at will but no higher than 14 inches," and (3) Plaintiff "will be off task 10% of the workday." ECF No. 5-1 at 10-12. Although none of these limitations has an exact match with the evidence in the record, the ALJ is free to make "reasonable inferences from the evidence" to determine a claimant's functional capacities and limitations. *See Heckman*, 2019 WL 1492868, at *4.

First, Plaintiff concedes that he testified at the hearing that he could only stand for no more than ten minutes and sit for a half-hour. *Id.* (citing Tr. 63-64). The ALJ discussed this in her decision, and based on this testimony, reasonably inferred that Plaintiff will need some level of a sit/stand limitation in the RFC. Plaintiff also concedes that he testified having to need to elevate

his legs to a "stretched position." *Id.* (citing Tr. 64). The ALJ also discussed this self-reported limitation and reasonably inferred from it that Plaintiff will need to elevate his legs periodically and incorporated this into the RFC. Finally, in his motion, Plaintiff denies offering any testimony regarding his concentration, but the ALJ's decision notes that Plaintiff testified at the hearing that he "attempts to read books, but he has problems with focus and concentration." Tr. 20; Tr. 67. Despite any other medical evidence in the record, the ALJ incorporated this limitation into the RFC, even though it would tend to exclude potential jobs in the national economy, which is to Plaintiff's benefit. In all, each of these RFC limitations, which the Plaintiff contends are highly specific, are reasonably inferable from Plaintiff's testimony, and Plaintiff's testimony is sufficient to support a given limitation. *See Daniel W. v. Comm'r of Soc. Sec.*, No. 20-CV-1786, 2023 WL 3220502, at *2 (W.D.N.Y. May 3, 2023) ("A medical opinion, a *claimant's testimony*, or information contained in the medical records can oftentimes be sufficient to support a given limitation.") (emphasis added). Accordingly, Plaintiff is not entitled to remand on this basis.

### 3.   Mischaracterization of the Evidence

Plaintiff's final challenge to the substantial evidence supporting the ALJ's RFC determination is his assertion that the ALJ mischaracterized certain pieces of medical evidence. ECF No. 5-1 at 10-11. Specifically, Plaintiff argues that the ALJ was incorrect in stating that the lumbar MRI showed "mild" results and ignored the fact that one doctor believed his condition was serious enough for surgery. The Court disagrees.

On page 372 of the administrative record, the lumbar MRI results clearly state that there was "mild disc bulging from L4 to S1. There was no significant stenosis." Tr. 372. On the sixth page of the ALJ's decision, she cites this same MRI result, stating "[a] June 2016 lumbar MRI showed mild disc bulging from L4 to S1 with no significant stenosis." Tr. 20. The ALJ's reference to this medical evidence does not mischaracterize the evidence. Rather it is an exact quote. It is

unclear to the Court how the ALJ's direct quote of the record is a mischaracterization of the record. Rather, Plaintiff mischaracterizes the ALJ's decision.

While there is one doctor that recommended Plaintiff have surgery, that same doctor also referred Plaintiff to get a second opinion. Tr. 375. The doctor who gave the second opinion, in fact, recommended only further observation and conservative treatment. Tr. 372. So again, the ALJ has not mischaracterized the record, but rather relied on actual statements made by the medical professionals in their treatment notes. Plaintiff's argument that the ALJ mischaracterized the medical evidence is wholly unfounded. Accordingly, Plaintiff is not entitled to remand on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 5, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 6, is GRANTED, and the decision of the ALJ is AFFIRMED.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 2, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York